## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA AL-RAHEEM, ) | 1:10- cv-2064 AWI GSA |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION |
| ) | AND ORDER ON |
| v. ) | DEFENDANT'S MOTION TO |
| ) | DISMISS PLAINTIFF'S |
| COVENANT CARE, ) | AMENDED COMPLAINT |
| ) | |
| Defendant. ) | Doc. # 20 |

This is a civil rights action pursuant to Title VII of the Civil Rights Act of 1964 for damages and equitable relief by *pro se* plaintiff Wanda Al-Raheem ("Plaintiff") against defendant Covenant Care ("Defendant"). In the instant motion, Defendant seeks to dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331. Venue is proper in this court.

**PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS**

On October 3, 2011, the court issued a memorandum opinion and order granting Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "October 3 Order"). The currently-operative FAC was filed on October 21, 2011, and alleges two claims for relief. The first claim for relief alleges race-based harassment or hostile work environment and the second alleges unlawful retaliation, both in violation of Title VII. Plaintiff's FAC omits any claim of disparate treatment, a claim that the court interpreted the original complaint to have alleged. The factual background giving rise to the instant action is

little changed from the factual background that was presented in the October 3 Order.  Plaintiff's FAC is factually very detailed and contains a number of examples of what Plaintiff contends are adverse employment actions, however most of the detail presented there is not relevant to the resolution of Defendant's motion to dismiss.  The following is a summary that is borrowed, with minor updates, from the court's October 3 Order.  The facts alleged in the FAC are essentially identical to those alleged in the original complaint except that the FAC clarifies to some extent the relationship between non-parties Toni Perkins and Executive Director Michael Darouze and Defendant Covenant Care.

Plaintiff is an African-American woman was hired by Defendant in September 2006 as a "Business Office Manager" at Turlock Nursing Rehabilitation Facility, a Defendant-owned medical treatment facility.  At the time of Plaintiff's employment, Michael Darouze was the Executive Director and the person to whom Plaintiff reported.  Toni Perkins, the other prominent non-party in this action, is described in the FAC as an employee of Defendant who has the title of "Regional Accounts Receivable Consultant."  While there remains some ambiguity as to the authority of Perkins to hire, fire, or carry out disciplinary proceedings, it is clear that Perkins was instrumental in establishing the type and intensity of demands placed on Plaintiff in the workplace.  Likewise, it is not clear what the authority relationship between Perkins and Darouze was, however it is clear that Plaintiff alleges that Darouze did not interfere in Perkins' actions or relationship with Plaintiff.

The complaint alleges that Perkins acted to undermine Plaintiff's efforts to meet company goals and objectives such that Plaintiff felt it necessary to complain to Darouze, who failed to act to take any action to resolve the situation.  The FAC alleges that following Plaintiff's complaint to Darouze, Perkins began an incessant campaign of harassment in retaliation for what Plaintiff contends was the protected activity of complaining about Perkins' subversive and intimidating behavior.  Plaintiff alleges the retaliatory harassment included the imposition of highly unreasonable job demands; demands she alleges were not imposed on Plaintiff's White predecessor.  Plaintiff also alleges Perkins embarked on a campaign of

interference by calling Plaintiff every sixty minutes and demanding that Plaintiff answer e-mail inquiries immediately while she was trying to process the old Medicare claims.

Plaintiff alleges that ultimately the stress caused by Perkins' harassment and the failure of Darouze or anyone from Covenant Care to address Plaintiff's complaints required Plaintiff to be placed on medical leave by her physician. Plaintiff returned to the workplace on May 15, 2007 to drop off a "Medical Leave Extension Notice." While there, Plaintiff notice an unsigned "Corrective Disciplinary Action" notice which noted Plaintiff's failure to achieve the unreasonable work demands and threatened employment termination. Plaintiff contends that the Corrective Disciplinary Action form was "a clear case of retaliation" since it was both unreasonable and unwarranted in view of Plaintiff's performance. Doc. # 19 at ¶¶ 75-76. The FAC alleges the Corrective Disciplinary Action was never supplied to the EEOC but alleges that the document was signed by Darouse on May 2, 2007.

Ultimately, Plaintiff alleges she suffered considerable stress and emotional trauma and decided to leave the area when her husband was offered a job in another state. Plaintiff resigned from her job on May 31, 2001. Plaintiff contends the resignation was not voluntary and that she suffered constructive discharge.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly"). While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S.

3

869 (1969), the allegations must be factual in nature. See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

**DISCUSSION**

The claims asserted by Plaintiff in her FAC are the same as the first two claims asserted by Plaintiff in her original complaint although Plaintiff's FAC alleges a few additional facts and clarifies others. Plaintiff's original complaint was dismissed for a very simple reason; the facts alleged in the original complaint failed to establish the adverse employer actions Plaintiff faced had their origins in racial animus. Thus, the legal framework previously set out by the court in its October 3 Order is applicable to the two claims set forth in Plaintiff's FAC. The main determination for the court is whether the additional or clarified facts alleged by Plaintiff in her FAC are sufficient this time to show a racially discriminatory basis for the adverse employment actions she experienced.

The court has reviewed Plaintiff's FAC carefully for allegations that, if proven, would tend to support the contention that the actions of Darouse and Perkins were motivated by racial animosity. The FAC alleges that: (1) Plaintiff informed Darouse of Plaintiff's suspicion that Perkins' actions were motivated by racial animus, Doc. # 19 at ¶ 38; (2) Plaintiff was the only

African-American person holding the title of Business Office Manager in the Central Valley Region at the time, id. at ¶ 54; (3) Plaintiff's assistant informed Plaintiff during a telephone call that Perkins wanted to have Plaintiff fired and did not like Plaintiff because Plaintiff is Black, id. at ¶ 59; (4) Plaintiff was required by Perkins to accomplish tasks, such as the clean-up of all claims in one day, that were both unreasonable and not imposed on any non-Black Business Office Manager, id. at ¶ 66; and (5) Plaintiff was informed by a file clerk that Perkins opined to Darouze that "we need to change the locks on the business office [. . .] I don't trust [Plaintiff] because she might come and rip the place off." Id.

Section 703(a)(1) of Title VII provides that it is "an unlawful employment practice" for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). "At the motion to dismiss stage, [the plaintiff] need not support [her] allegations with evidence, but must allege sufficient facts to state the elements of a hostile work environment [or retaliation] claim." Johnson v. Riverside Healthcare System, LP, 534 F.3d 1116, 1122 (9th Cir. 2008). In general, claims asserted pursuant to Title VII are guided by the same legal principles that apply to claims asserted pursuant to 42 U.S.C. § 1981. Manatt v. Bank of America, 339 F.3d 792, 797 (9th Cir. 2003).

**I. Hostile Work Environment or Harassment**

The court's October 3 Order explained the elements of a harassment or hostile work environment claim as follows:

> The terms "hostile work environment" and "harassment" are used interchangeably in that the elements of a claim under either label are the same. The elements are (1) the plaintiff "'was subjected to verbal or physical conduct' because of her race, (2) 'the conduct was unwelcome,' and (3) 'the conduct was sufficiently severe or pervasive to alter the conditions of [the plaintiff's] employment and create and abusive work environment.' [Citation.]" Manatt, 339 F.3d at 797 (reciting elements for hostile work environment claim and quoting Kang v. U. Lim Am., Inc., 296 F.3d 810, 817 (9th Cir. 202)); Martinez v. Marin Sanitary Services, 349 F.Supp.2d 1234, 1251 (N.D. Cal. 2004) (reciting same elements for claim of racial harassment).

Doc. # 18 at 5:4-11. On review of this language, the court realizes that its explanation of what constitutes a hostile work environment or racial harassment for purposes of Title VII was

5

somewhat ambiguous and therefore incomplete. The ambiguity is found in the first element – that the plaintiff must be "subjected to verbal or physical conduct because of her race." The ambiguity is whether the conduct must be of a racially deprecatory nature or whether any conduct that is unwelcome is actionable so long as the motivation behind the conduct is racial in nature. In Vasquez v. County of Los Angeles, 349 F.3d 634 (9th Cir. 2004), the Ninth Circuit expressed the elements of a harassment claim as follows:

> Under Title VII it si unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of his race, color, religion, sex, or national origin. To prevail on a hostile workplace claim premised on either race or sex, a plaintiff must show: (1) that he was subjected to verbal or physical conduct *of a racial or sexual nature*; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment.

Id. at 642 (italics added). Where, as here, the conduct complained of is not racial in nature, a court cannot conclude the conduct was racially motivated simply on the basis of Plaintiff's suspicions or on the opinions of coworkers. See Fields v. Riverside Cement, 226 Fed.Appx. 719, 724 (2007 WL WL 900983 (9th Cir. 2007)); Rosa v. Scottsdale Mem. Health Systems, Inc., 132 F.3d 38, 1997 WL 753359 (9th Cir. (Ariz.) 1997) at *1 (holding harassment claim fails because plaintiff failed to allege incidents contributing to hostile environment were racial in nature).

While there is no question that the Perkins' conduct, as alleged, was harassing and abusive in nature, there is no indication that the conduct that Plaintiff actually experienced was racial in nature. As Fields and Rosa demonstrate, the Ninth Circuit has been consistent in finding that objectionable conduct by an employer does not become actionable as harassing under Title VII simply upon the suspicions of the plaintiff or of third parties that the conduct is motivated in part or in whole by racial animus. Similarly, Perkins' comment to Darouze regarding the desirability of changing the locks does not constitute an actionable job action by Perkins against Plaintiff directly; that is, the comment did not have any effect of Plaintiff's work environment. The court finds that Plaintiff's FAC does not allege fact that, if proven, would be sufficient to state a claim for relief for racial harassment or a racially hostile work environment.

1  Defendant is therefore entitled to dismissal of Plaintiff's first claim for relief.

2  **II. Retaliation**

3  To state a claim for retaliation under Title VII, a plaintiff "must establish that; (1) she engaged in a protected activity, such as the filing of a complaint alleging racial discrimination, (2) the [defendant] subjected her to an adverse employment action, and (3) a causal link exists between the protected activity and the adverse action." Manatt 339 F.3d at 800 (internal citations and footnotes omitted). Plaintiff alleges she engaged in protected activity when she complained to Darouze about Perkins' subversion of Plaintiff's effectiveness in her job. In her FAC, Plaintiff adds only the allegation that she informed Darouze of her subjective impression that Perkins' actions were racially discriminatory.

In its October 3 Order, the court described the legal framework of a claim for unlawful retaliation under Title VII as follows:

> "Title VII's statutory 'opposition clause' prohibits an employer from retaliating against an applicant or employee 'because he has opposed any practice made an unlawful employment practice,'" such as discrimination based on race, sex, religion, sex, or national origin. *EEOC v. Luce, Forward, Hamilton & Scripps*, 303 F.3d 994, 1005 (9 Cir. 2002) (citing 42 U.S.C. § 20000e-3(a)); *see, e.g.*, *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 506 (9th Cir. 2002) ("Title VII allows employees to freely report actions that they reasonably believe are discriminatory, even if those actions are in fact lawful."). In addition, Title VII makes "it unlawful for an employer to discriminate or retaliate against an employee or an applicant for employment because that person 'has made a charge, testified, assisted, or participated in any manner in a . . . Proceeding.'" *Luce*, 303 F.3d at 1006 (ellipses in original) (citation omitted). In sum, "[p]rotected activity includes the filing of a charge or a complaint, or providing testimony regarding an employer's alleged unlawful practices, as well as engaging in other activity intended to 'oppose[]' an employer's discriminatory practices." *Raad v. Fairbanks North Star Borough School Dist.*, 323 F.3d [1185, 1197 (9th Cir. 2003)] (brackets in original).

Guerrero v. Hawaii, 662 F.Supp.2d 1242, 1259-1260 (D. Hawaii 2009).

While an employee need only show that she had a "reasonable belief" that the practice she opposed/complained off was unlawful, Trent v. Valley Electric Ass'n, 41 F.3d 524, 526, (9th Cir. 1994), the reasonable belief must be rooted in the understanding that the practice opposed is made unlawful by Title VII. See Lee v. Potter, 2008 WL 4449568 (N.D. Cal. 2008) at *8 ("Plaintiff cannot

>  reasonably demonstrate that complaining about mismanagement as waste is the same as opposing *discrimination* under Title VII; accordingly, plaintiff's participation in the petition is not a protected activity under Title VII.").

Doc. # 18 at 6:4 - 7:1.

Defendant contends, and the court agrees, that Plaintiff did not engage in a protected activity within the meaning of Title VII when she complained to Darouze about Perkins' subversion of Plaintiff's effectiveness and also shared her subjective belief that Perkins' motive were racial in nature. As explained above, subversion of authority, interference with work processes, harassment, and imposition of unreasonable working conditions are not, in and of themselves, unlawful under Title VII so long as the conduct itself is not of a racial nature. While Plaintiff may have told Darouze that she subjectively believed that Perkins' actions were motivated by racial bias, there is nothing in the actions themselves that were of a racial nature. As a consequence, the court must conclude that Plaintiff did not report to Darouze any activity on the part of Perkins that was unlawful under Title VII. Plaintiff's report of Perkins' conduct was therefore not a protected activity under Title VII and Defendant is entitled to dismissal of Plaintiff's claim for retaliation.

**III. Leave to Amend**

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986). Plaintiff's FAC, like the original complaint, is mostly a long factual narrative laced with conclusory legal labels. While the FAC is nominally organized around two claims for relief, the factual narrative predominates over legally succinct claims. What is significant with regard to Plaintiff's FAC is the fact that the claim of Disparate Treatment (discriminatory treatment) is specifically not listed among the claims for relief while the factual narrative tends to hint that such a claim was intended because it alleges that productivity expectations were imposed on Plaintiff that were not imposed on White Business Office Managers.

It is important to note that where specific headings indicating claims for relief are present in a complaint, the court will not read into the complaint claims that are not made explicitly. However, the court recognizes Plaintiff's *pro se* status and recognizes that the omission of a claim for disparate treatment could have been inadvertent. The court also finds it is at least possible that Plaintiff could cull from her long and rambling factual narrative a succinct claim for disparate treatment that is based on a short exposition of key facts and applicable law. The court draws to Plaintiff's attention the requirement imposed by Rule 8 of the Federal Rules of Civil Procedure that requires that a plaintiff plead: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) "a short an plain statement of the claim showing that the pleader is entitled to relief;" and (3) a demand for the relief sought. The court requires that any further amended complaint will comply with these requirements.

The court is convinced that Plaintiff's claim for hostile work environment or harassment based on race cannot be saved by further amendment of the complaint. The court also finds that Plaintiff's claim for retaliation is similarly fatally flawed. However, the court finds that whether Plaintiff can allege a short and succinct statement of both facts and law that would entitle Plaintiff to relief on a claim of *disparate treatment* remains an open question. In an abundance of caution, the court will grant leave to amend the complaint one additional time for the purpose of alleging a claim for disparate treatment in accordance with the legal requirements set forth in the court's October 3 Order.

THEREFORE, for the reasons discussed, Defendant's motion to dismiss Plaintiff's FAC is hereby GRANTED. Plaintiff's FAC is hereby DISMISSED in its entirety with prejudice. Leave is hereby GRANTED for the sole purpose of amendment of the complaint to state a claim for relief upon the ground of Disparate or Discriminatory Treatment only. Such amended complaint may be filed and served not later than twenty-eight (28) days from the date of service of this order. Should no amended complaint be filed within that 28-day period, Defendant shall notify the court of non-filing and request entry of judgment in their favor.

1  IT IS SO ORDERED.

3  Dated:    June 11, 2012

                                         CHIEF UNITED STATES DISTRICT JUDGE